IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA BOONE AND DENNIS BOONE | § § | |
| V. | § § | CIVIL ACTION NO. 4:09-CV-1613 |
| SAFECO INSURANCE COMPANY OF INDIANA and GEORGE ECHOLS | § § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S VERIFIED PLEA IN ABATEMENT

COMES NOW, Safeco Insurance Company of Indiana ("Safeco" or "Defendant"), and files its Defendant's Reply to Plaintiff's Response To Defendant's Verified Plea In Abatement and in support thereof would respectfully show the Court as follows:

### I.
### FACTUAL BACKGROUND

Plaintiffs seek relief in this cause under Sections 541.060 and 541.061 of the Texas Insurance Code. As a condition precedent to bringing suit, the Insurance Code mandates Plaintiffs <u>shall</u> provide Defendant a pre-suit notification or demand which *meets specific requirements* **not later than the 61st day before the date the action is filed.**[1] Plaintiffs' "notice letter" is dated April 24, 2009.[2] The letter states it was served *"Via Hand Delivery with Petition."*[3] This is confirmed by the Petition which states, at paragraph 66, that "Plaintiffs Notice of Claim Letter is attached as "Exhibit I" to this Petition and is being served with this Petition."[4] Plaintiffs filed suit on April 21, 2009 – before writing the demand letter and before it

---

[1] TEX. INS. CODE ANN. § 541.154 (PRIOR NOTICE OF ACTION).
[2] See correspondence from Plaintiffs' counsel attached as Exhibit A to Defendant's Plea In Abatement.
[3] See correspondence from Plaintiffs' counsel attached as Exhibit A to Defendant's Plea In Abatement.
[4] See Plaintiffs' Original Petition attached as Exhibit D to Defendant's Notice of Removal [Doc. # 1].

was received by Defendant.[5] This Court's file and Exhibits A and B attached to Defendant's Plea In Abatement demonstrate the foregoing facts.

## II.
## ARGUMENTS AND AUTHORITIES

A. **Excusing The Failure To Comply with The Law Since 60 Days Of Litigation has Passed is No Excuse.**

1. Plaintiffs **admit** in their Response to Defendants Plea In Abatement they did not serve notice *not later than the 61st day before the date the action is filed* and consequently their failure to comply with TEX. INS. CODE ANN. § 541.154.[6] For this reason alone, by operation of Section 541 of the Texas Insurance Code, this cause of action is immediately automatically abated as a matter of law until the 61st day after Plaintiffs have served the requisite notice. Plaintiffs excuse their intentional disregard for the law by arguing, in essence, Defendant has now had their 60 days so the Plea in Abatement is moot.

2. Accepting this as a valid "argument" is to abrogate the simple and unambiguous legislative mandates of the Insurance Code regarding: (1) advance notice of suits; and (2) automatic abatement as a matter of law where a plaintiff fails to provide timely or proper notice. The Texas Legislature provided the abatement remedy because it meant what it said about sufficient notice and intended Defendants to have 60 days outside the litigation context to respond to a demand.

3. Accepting Plaintiffs' excuse that no abatement is now required since "any abatement expired on June 24, 2009",[7] as valid requires this Court to accept the premise that the first 60 days of this, or any, lawsuit is equivalent to an abatement period and there has already

---

[5] See Exhibit A, attached hereto, Citation to Safeco.
[6] See Plaintiffs' Response to Defendant's Verified Plea In Abatement, page 3, paragraph 5.
[7] See Plaintiffs' Response to Defendant's Verified Plea In Abatement, pages 3-4, paragraph 8: "…61 days from when Safeco received notice is Jun 24, 2009. Thus, any abatement expired on June 24, 2009. Abate the case now for an additional sixty days…."

2

been an abatement in this cause. Nothing could be further from reality. Plaintiffs' argument also ignores the fact that the Texas Legislature mandated an abatement of any prematurely instituted litigation.

To accept this premise and Plaintiffs' spurious argument is to sanction the now common practice of intentionally denying insurers this legal right and important resolution opportunity. The frequent (if not standard) practice of serving demand letters a few days before, or concurrently with, suit and citation is a strategic attempt to deny defendants significant statutory and contractual rights and thwart the statutory intent.[8]

**B. By Their Failure To Address Defendant's Second Ground For Abatement, The Mostyn Firm Acknowledges Their Form "Notice" Letter Fails to Meet The Insurance Code Requirements.**

Section 541.154(b) of the Texas Insurance Code requires that "the notice must advise the other person of (1) the specific complaint..." This significant requirement of the Insurance Code was raised by Defendant's Plea In Abatement. Plaintiffs wholly fail to address this ground for abatement in their Response To Defendant's Plea In Abatement. Thus, Plaintiff has no argument before this Court that their notice letter advises Defendant of their "specific complaints."

The purpose of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA") notice provision is "to discourage litigation and encourage settlements of consumer complaints."[9] As this Court has explained, the Texas Insurance Code notice provision shares the

---

[8] The *Boone* facts are not unique. Martin, Disiere, Jefferson, & Wisdom L.L.P. is currently defending several suits in which this practice is used by The Mostyn Firm so commonly as to establish a pattern and practice in need of judicial attention. The intentional denial of timely notice is intended to deny defendants the statutorily guaranteed right to cure a defect or the contractually guaranteed processes of appraisal. Plaintiffs' Response to Defendants' Plea In Abatement in this case ignores the fact that Plaintiffs' counsel does not want Defendants to have the opportunity to cure a concern or avail itself of rights guaranteed the parties under the law or contract at issue.
[9] *Hines v. Hash*, 843 S.W.2d 464 (Tex. 1992.)(citing *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985).

3

same purpose as that of the DTPA.[10] Since the purposes of the pre-suit notice requirement of both the Insurance Code and the DTPA equate, it stands to reason that any rationale discussing the specificity of notice in DTPA cases is equally applicable to an Insurance Code case such as this one.

While there are many cases upholding the validity of the *pre-suit* notice requirement, there is a dearth of case law addressing the sufficiency of the content of a notice or demand letter. However, the opinions issued on the question are instructive here.

In *Richardson v. Foster & Sear LLP*, the court found that a six-page notice letter from plaintiff's counsel stating: (1) the causes of action claimed by plaintiff, (2) the <u>specific factual assertions that support those causes of action</u>, and (3) the specific damages claimed by plaintiff satisfied the threshold of the pre-suit notice requirement.[11] Unlike here, the *Richardson* letter enumerated the specific facts the plaintiff alleged to constitute statutory violations: that the defendant (1) agreed to representation, (2) executed an unapproved settlement, and (3) withheld settlement funds from the client.[12] The court found the *Richardson* letter stated "in enough detail for this court—knowing nothing of his claims and allegations except what he asserted in his letter—to grasp the basis of his complaints …namely, that [the law firm defendant] after agreeing to represent his interests … settled those claims without his permission and refused to divulge his share of the settlement proceeds."[13] These are specific factual statements of the events giving rise to the plaintiff's statutory claims and allegations. No such factual statements are included in the Boones' letter.

---

[10] *Encore Bank v. Ace American Ins. Co.*, 2009 WL 1396130 at *1 (S.D. Tex. May 18, 2009)(Judge Lee Rosenthal citing *Hines*).
[11] *Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782, 786 (Tex. App.—Fort Worth 2008, no pet. h.)(citing *Hines*, 843 S.W.2d at 468).
[12] *Richardson v. Foster*, 257 S.W.3d at 786.
[13] *Richardson* at 786.

4

In *Williams v. Hills Fitness Center, Inc.*, the court found a demand letter sufficient but only after being able to *imply the facts* that gave rise to plaintiff's causes of action.[14] The *Williams* letter contained a specific factual reference to bodily injury suffered by the plaintiff at the defendant's premises on a specific date. This allowed the court to *imply* that it was the physical injuries on that date which were the basis of plaintiff's legal claims. The Boones' notice letter simply recites statutory provisions and claims they were violated by Defendants. It provides no facts or events made the basis of those violations. It provides no notice of any actions or omissions of Defendants to violate the statute in the manner alleged. A defendant should not have to ask, for example, "[h]ow did I fail to acknowledge *"misrepresent...or fail to discuss with Donna Boone and Dennis K Boone pertinent facts or policy provisions relating to coverage as an*[sic] *issue"*[15]

The Boones' letter cannot be analogized to the *Richardson* and *Williams* letters because it is devoid of any fact, other than the assertion Defendants did not pay them as much as they wanted, upon which any of their causes of action may rest. As such, Defendants are not on notice of any specific actions about which Plaintiffs' complain and how such actions (or omissions) give rise to their claimed injury in this case. The Boones' letter simply alleges the statutory violations but states nothing the Defendant actually did to commit those violations. Defendants, therefore, cannot effectively evaluate their potential exposure or liability for settlement purposes.

---

[14] *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189, 192 (Tex.App.-Texarkana 1985, writ ref'd n.r.e.)
[15] See Exhibit A, page one.

5

In short, the purpose of the notice requirement has been thwarted. If, however, the Boones' notice letter is sufficient, Plaintiffs' only complaint is their claim was not paid in the amount they want and their Insurance Code claims in this case should be limited to that factual allegation alone.

### C. Plaintiffs' Refusal To Provide Timely Notice Requires Dismissal Of Their Insurance Code Claims

The decision of Plaintiffs' counsel, on behalf of the Boones, to refuse to provide notice to Defendant *not later than the 61st day before the date the action is filed* constitutes a refusal to comply with the conditions precedent to suit mandated by the Texas Legislature. When Defendant brings this decision to the Court's attention and seeks its legal rights, The Mostyn Firm's Response to Defendant's Plea In Abatement is to maintain Plaintiffs do not have to comply with the statute and Defendants are not entitled to the statutorily mandated abatement. Such disregard for Texas Law annuls Plaintiffs' privilege to avail themselves of that same law. Thus, as sanctions for such conduct, Defendant moves to dismiss Plaintiffs' statutory causes of action for failure to give timely or proper notice.[16]

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays the Court enter an order dismissing with prejudice plaintiffs causes of action pursuant to Section 541 of the Texas Insurance Code, or alternatively, abating this cause in accord with the Texas Insurance Code for 60 days after the date Plaintiffs provide Defendant notice in compliance with the Texas Insurance Code and that Defendant have and recover such other and further relief to which it may show itself to be justly entitled.

---

[16] *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992).

6

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ Christopher W. Martin
    Christopher W. Martin
    State Bar No. 13057620
    Federal ID # 13515

808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

**ATTORNEYS FOR DEFENDANT,
SAFECO INSURANCE COMPANY OF
INDIANA**

**Of Counsel:**
Barrie J. Beer
State Bar No. 02040750
Federal ID # 14677
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was served by notice of electronic filing on the following counsel of record on August 20, 2009, as follows:

J. Steve Mostyn / Phillip Kanayan
The Mostyn Firm
200 Westcott
Houston, Texas 77007

/s/ Barrie J. Beer
Barrie J. Beer

CAUSE NUMBER 200926314

| | |
|---|---|
| PLAINTIFF: GOOSE, DORIS<br>VS.<br>DEFENDANT: SAFECO INSURANCE COMPANY OF INDIANA | In The 157th<br>Judicial District Court of<br>Harris County, Texas |

## CITATION CORPORATE

THE STATE OF TEXAS
County of Harris

TO: SAFECO INSURANCE COMPANY OF INDIANA BY SERVING ITS REGISTERED AGENT
CORPORATION SERVICE COMPANY

701 BRAZOS ST STE 1050 AUSTIN TX 50051

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE FIRST REQUEST FOR PRODUCTION AND FIRST SET OF INTERROGATORIES

This instrument was filed on the 21st day of April, 20 09, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED; you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this 21st day of April, 20 09.

Issued at request of:
KAMARER, PHILLIP MARTIN
346 WESTCOTT
HOUSTON, TX 77007
Tel: (713) 691-6616
Bar Number: 24025897

LOREN JACKSON, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: ALARCON, CRISTINA  9AG/6957F984656

### OFFICER/AUTHORIZED PERSON RETURN

I received this citation on the _____ day of _____, 20 ___, at _____ o'clock ___ .M., endorsed the date of delivery thereof, and executed it at _____
                                                                                                      (street address)                                                    (city)

in _____ County, Texas on the _____ day of _____, 20 ___, at _____ o'clock ___ .M.,
by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)

_____, in person, whose name is _____
(registered agent, president, or vice president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                                                      (description of petition, e.g., "Plaintiff's Original")

and with accompanying copies of _____
                                                           (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20 ___.

FEE: $ _____                                 By: _____
                                                                      (signature of officer)
                                                      Printed Name: _____

                                                      As Deputy for: _____
_____                              (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 ___.

                                                                                          _____
                                                                                                    Notary Public

**EXHIBIT A**