IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA BOONE AND DENNIS BOONE | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-09-1613 |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, AND GEORGE ECHOLS | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This is a suit to recover insurance proceeds and damages under the Texas Insurance Code, § § 541.060 and 541.061. The defendant, Safeco Insurance Company of Indiana (Safeco), timely removed and filed a verified plea in abatement. (Docket Entry No. 11). Safeco argues that the plaintiffs violated the Texas Insurance Code requirement that a plaintiff seeking damages under the statute must give the defendant prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. Safeco asked this court to abate the suit until the 61st day after the Boones provided the statutory written notice of their claims under the statute.

The plaintiffs responded by arguing that although they did sue Safeco before sending the statutory written notice, their demand letter, received by Safeco nine days after being served with the plaintiffs' petition, satisfied the notice requirement. (Docket Entry No. 12). Alternatively, the plaintiffs argue that the abatement period provided for in the Texas Insurance Code has lapsed. (*Id.*).

Based on a careful review of the petition, the verified plea in abatement, the response, the reply, and the applicable law, this court grants the motion to abate because the Boones did not meet

the Texas Insurance Code notice requirement. This case is stayed until 60 days after proper notice is provided. The reasons are explained below.

**I.        Background**

The Boones sued Safeco on April 21, 2009, in Texas state court, alleging that Safeco wrongfully denied their homeowners' insurance claims made after Hurricane Ike. (Docket Entry No. 12). The Boones asserted claims for breach of contract, violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, common law fraud, and conspiracy to commit fraud. Three days after filing suit, on April 24, 2009, the Boones sent Safeco a demand letter. Safeco received the letter on April 30, 2009. *Id.* Safeco timely removed on the basis of diversity jurisdiction on May 28, 2009. (Docket Entry No. 1). Safeco filed the verified plea in abatement on July 1, 2009. (Docket Entry No. 11).

In the motion and reply to the Boones's response, (Docket Entry Nos. 11, 13), Safeco asserts that the Boones did not satisfy the notice requirement of Section 541.154 of the Texas Insurance Code because they did not send a written notice of their claim and the amount until after they filed this suit. Safeco argues that under § 541 of the Texas Insurance Code, the plaintiffs' cause of action is "immediately automatically abated as a matter of law until the 61st day after Plaintiffs have served the requisite notice." (Docket Entry No. 11 at 2). Safeco also argues that the Boones' demand letter did not meet the level of factual specificity required by the Texas Insurance Code. (*Id.* at 3). Safeco requests that the court dismiss the plaintiffs' suit with prejudice, or alternatively abate the case for 60 days after the plaintiffs issue proper notice. (*Id.* at 6).

The Boones argue that even if they did not comply with the timing of the notice requirement, the substance of their demand letter was sufficient and more than 60 days have passed, "[t]hus, any

abatement expired on June 24, 2009." (Docket Entry No. 12 at 4).

## II.     The Applicable Legal Standard

Section 541.154(a) of the Texas Insurance Code states that [a] person seeking damages in an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring..." TEX. INS. CODE § 541.154(c)(1). Finally, § 541.155 provides that a person who does not receive presuit notice may file a plea in abatement. "The court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b).

The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[1] The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer. TEX. INS. CODE § 541.156; *see also In Re Behr*, 2006 Tex. App. LEXIS

---

[1] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, 2005 WL 1586994 (W.D. Tex.) (citing *Hines v. Hash*, 843 S.W.2d 464, 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

1588 at *7 (Tex. App. San Antonio Mar. 1 2006) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156-.159 of the Insurance Code"). If a plaintiff fails to comply with the notice requirement, "abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal." *Id*. The Supreme Court of Texas has held that "if a plaintiff files an action for damages . . . without first giving the required notice, and a defendant timely requests an abatement, the trial court must abate the proceedings for 60 days." *Id*.

The statutory written notice must advise the other party in reasonable detail of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1), (2); *see Richardson v. Foster & Sear, LLP*, 257 S.W.3d 782 (Tex. App.—Fort Worth 2008, no pet. h.) (finding that a six-page letter from the plaintiff stating the causes of action, specific factual allegations, and specific damages satisfied the presuit notice requirement).

**III.   Analysis**

The plaintiffs' demand letter does not satisfy the notice requirement of Section 541.154(a) of the Texas Insurance Code. The plaintiffs filed their suit on April 21, 2009. They did not send Safeco their demand letter until three days later. (Docket Entry No. 12). Safeco did not receive the demand letter until April 30, 2009. (*Id.*). The Texas Insurance Code specifically states that written notice must be given to a defendant "not later than the 61st day *before* the date the action is filed." TEX. INS. CODE § 541.154(a) (emphasis added). The demand letter could not serve as the written notice required under § 541.154(a).

The Boones argue that even if they did not timely comply with the presuit written notice

requirement, Safeco did not move to abate until more than 60 days after they received the demand letter. The Boones argue that the 60-day period has lapsed. (Docket Entry No. 12). This argument is unpersuasive. The Boones' demand letter was not only too late to satisfy the notice requirement of the Texas Insurance Code, its content was insufficient to trigger the 60-day abatement period. Sections 541.154(b)(1) and (b)(2) of the Texas Insurance Code require a party to provide basic information to the defendant in the written notice: the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE § 541.154(b)(1), (b)(2). Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement. *See Richardson v. Foster & Sear LLP*, 257 S.W.3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189 (Tex.App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four-paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the court had to imply the specific facts supporting the cause of action). The Boones' April 24, 2009 notice letter to Safeco contains no factual information about the cause of action. (Docket Entry No. 1, Ex. G). The letter is very general. It states that the Boones did not receive full payment under the insurance policy and that Safeco and its adjuster, George Echols, were liable for "misrepresenting and/or failing to discuss with Donna Boone and Dennis K. Boone pertinent facts or policy provisions relating to coverage as an issue"; for "failing to acknowledge with reasonable promptness, pertinent communications with respect to the claim arising under its policy"; "failing to adopt reasonable standards for prompt investigation of the claim arising under its policy";"not attempting in good faith to effectuate prompt, fair and equitable settlement of the claim submitted in which liability has become reasonably clear"; "failing to provide promptly to a

5

policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement"; "failing to affirm or deny coverage of claim to a policyholder within a reasonable time after proof of loss statements have been completed"; and "refusing to pay the claims without conducting a reasonable investigation based upon all available information." (Id.). The letter parroted the Texas Insurance Code violations. Although it did identify the damages sought – $1,427,643.00 in economic damages, $50,000 in mental anguish damages, and $542,547.67 in expenses and attorneys' fees – the letter did not identify the facts or provide any basis for the court to imply the facts. The letter was not sufficient notice under Section 541.154(b) of the Texas Insurance Code and did not trigger the 60- day abatement period.

Section 541.155(a) of the Texas Insurance Code states that a party to a pending action who does not receive proper presuit notice "may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending." TEX. INS. CODE § 541.155(a). Safeco requested an abatement on July 1, 2009, approximately 45 days after filing its answer. The Supreme Court of Texas has held that a request for abatement is timely even if it is after the 45-day period, if the request is made "while the purpose of notice – settlement and avoidance of litigation expense remains viable. Thus, defendant must request an abatement with the filing of an answer or very soon thereafter." *Hines v. Hash*, 843 S.W.2d 464 at 469. Safeco's plea in abatement was timely.

**IV.     Conclusion**

The plea in abatement is granted. This case is stayed until 60 days after the Boones provide

Safeco with proper written notice under the Texas Insurance Code.

      SIGNED on September 22, 2009, at Houston, Texas.

                                          Lee H. Rosenthal
                                   United States District Judge